UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT


| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | File No. 1:12-cr-84-jgm-1 |
| | : | |
| ELIAS JOSEPH, | : | |
| Defendant. | : | |
| | : | |

RULING ON MOTION TO DISMISS
(Doc. 29)

I.  Introduction

Defendant Elias Joseph moves to dismiss the indictment alleging he illegally reentered the United States after removal as an aggravated felon in violation of 8 U.S.C. § 1326(a) & (b)(2). (Doc. 29.)  Joseph contends he is a United States citizen and his citizenship negates a necessary element of the offense.  Id. at 1.  The government responds the indictment properly charges Joseph with illegal reentry because he has not acquired citizenship.  (Doc. 32 at 1-2.)  For the reasons stated below, the motion to dismiss the indictment is denied.

II.  Background

Joseph is a citizen of Canada, where he was born in August 1973.  His parents entered the United States with Joseph soon after his birth but subsequently divorced.  His mother was granted sole custody and, in September 1988, she became a naturalized United States citizen.  Joseph submitted an application for lawful permanent residence (LPR) in February 1991 which was approved in November 1991, three months after his eighteenth birthday.  See Doc. 20 at 2.  He alleges a hearing on his LPR application was scheduled prior to his eighteenth birthday but he was injured in a motor vehicle accident and requested the hearing be rescheduled. (Doc. 29 at 2.)

On January 26, 2012, Joseph was denied admission into the United States at the Highgate Springs, Vermont port of entry. Complaint, United States v. Joseph, No. 2:12-mj-9 (Jan. 27, 2012). Later that evening, he was found in Vermont and arrested and, on January 27, charged with misdemeanor entry by an alien without inspection, in violation of 8 U.S.C. § 1325. Id. Six days later, on February 2, Joseph was convicted by plea of guilty, sentenced to time served, and turned over to immigration authorities. (Doc. 20 at 3.) According to the government, Joseph underwent administrative removal proceedings and was ordered removed from the United States in April. (Doc. 1-1.)

In June 2012, Joseph was again arrested in Vermont and charged in a criminal complaint with illegal reentry in violation of 8 U.S.C. § 1326(a) & (b)(2). (Doc. 1-1.) On June 21, he was indicted by a grand jury for the same offense. (Doc. 9.)

III.    Discussion

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment need only track the language of the statute charged and state the time and place of the alleged crime. United States v. LaSpina, 299 F.3d 165, 177 (2d Cir. 2002) (citation omitted). An indictment is sufficient if it contains the elements and fairly informs the defendant of the offense charged and enables the defendant to plead double jeopardy in future prosecutions for the same offense. United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)). On a motion to dismiss, "the indictment must be tested by its sufficiency to charge an offense." United States v. Sampson, 371 U.S. 75, 78-79 (1962). Joseph has not challenged the facial validity of the indictment, nor does it appear he has grounds to do so, as the indictment states the elements of the charged offense. Compare Doc. 9 with 8 U.S.C. § 1326(a), b(2).

Under the Federal Rules of Criminal Procedure, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2).  The Second Circuit has defined the "general issue" as "whether the defendant is guilty of the offense charged."  United States v. Doe, 63 F.3d 121, 125 (2d Cir. 1995). In the absence of a full proffer of the government's evidence, "the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment."  Alfonso, 143 F.3d at 776-77 (reversing dismissal of indictment where district court "looked beyond the face of the indictment and drew inferences as to the proof that would be introduced by the government at trial" to satisfy an element of the charge).  Motions to dismiss indictments are disfavored.  See, e.g., United States v. De La Pava, 268 F.3d 157 (2d Cir. 2001) (dismissal of an indictment is an "extraordinary remedy" reserved for extremely limited circumstances implicating fundamental rights).

Joseph argues this prosecution violates his constitutional rights because he is not an alien; he claims to have achieved United States citizenship as a result of his mother's naturalization.  The derivative citizenship statute in effect at the time, 8 U.S.C. § 1432(a) (1994)[1], provided:  "A child born outside the United States of alien parents . . . becomes a citizen of the United States" if the parent with legal custody of the child becomes a naturalized citizen while the child is under the age of eighteen, and the "child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent . . . or thereafter begins to reside permanently in the United States while under the age of eighteen years."  8 U.S.C. § 1432(a) (1994).

---

[1] Section 1432 of Title 8 was repealed in 2000 and replaced by the Child Citizenship Act (CCA), 8 U.S.C. § 1431.  It governs here, however, because the relevant events took place prior to the CCA's enactment, and that statute does not apply retroactively.  See Drakes v. Ashcroft, 323 F.3d 189, 191 (2d Cir. 2003) (per curiam).

3

Joseph challenges the alienage element of the offense with which he is charged (Docs. 29, 33); only an "alien" may be convicted of illegal reentry. See 8 U.S.C. § 1326(a). Both Joseph and the government argue the proper statutory construction of 8 U.S.C. § 1432(a) (1994). The government asserts Joseph is not a United States citizen because he does not meet all the requirements of 8 U.S.C. § 1432(a) (1994). (Doc. 32 at 7-9.) Specifically, he did not obtain lawful permanent resident status until after he reached the age of eighteen. See Matter of Nwozuzu, 24 I. & N. Dec. 609, 613 (BIA 2008) (holding a person claiming derivative citizenship must have obtained LPR status prior to reaching the age of eighteen). Joseph points to Second Circuit authority that "some objective official manifestation" of permanent residency prior to his eighteenth birthday is sufficient to satisfy the requirement and his pending LPR application was that manifestation. (Doc. 29 at 3 (citing Ashton v. Gonzalez, 431 F.3d 95 (2d Cir. 2005).)

In Poole v. Mukasey, 522 F.3d 259 (2d Cir. 2008), the court remanded a derivative citizenship claim for consideration of whether delay in processing a parent's naturalization petition could be a basis for relieving the petitioner of a requirement for acquiring derivative citizenship. Poole, 522 F.3d at 265-66. Here, Joseph had a scheduled hearing on his LPR application prior to his eighteenth birthday which was rescheduled for shortly after his birthday when the petition was granted. Accordingly, the short delay could be a basis for relieving Joseph of the timing requirement that he have LPR status prior to his birthday: had his hearing not been rescheduled, presumably Joseph would have derivative citizenship because he would have been granted LPR status prior to his birthday.

Whether Joseph is a citizen, and accordingly could not be guilty of illegal reentry, or is not a citizen, is part of the general issue of the crime charged in the indictment, i.e. whether the statute has

4

been violated. The government will have to prove Joseph is not a citizen[2] as an element of the offense and a motion to dismiss is not the proper mechanism to challenge sufficiency of the evidence.[3] Because the government has "made no detailed presentation of the entirety of the evidence that it would present to a jury," the exception identified in <u>Alfonso</u> for full evidentiary proffers is inapplicable. See <u>Alfonso</u>, 143 F.3d at 777. The motion to dismiss is denied because the indictment sufficiently charges Joseph with the offense of illegal reentry in violation of 8 U.S.C. § 1326(a) & (b)(2).

IV.     <u>Conclusion</u>

For the above reasons, Defendant's motion to dismiss the indictment (Doc. 29) is DENIED. With the issuance of this ruling, the Speedy Trial clock begins to run. Accordingly, this case will be placed on the January 24, 2013 jury draw calendar. A pretrial conference will be held on Wednesday, January 23, 2013, at 2:30 p.m., in Brattleboro, Vermont.

The Court notes, however, <u>Nwozuzu v. Holder</u>, 11-5089 (2d Cir. filed Dec. 12, 2011), is fully briefed before the Circuit Court of Appeals and awaiting an argument date. As that case presents a legal issue pertinent to Joseph's claim of derivative citizenship, and the Circuit Court has previously recommended consideration of delay as a potential basis for relieving a derivative citizenship requirement, further development in the law is possible. Should the parties agree, the

---

[2] The Court notes in 2009 Joseph applied for United States citizenship through Citizen and Immigration Services asserting he benefitted from derivative citizenship through his mother's naturalization when he was a minor. His application, however, was denied and Joseph did not appeal the administrative decision. Further, in 2012, Joseph was convicted by plea of guilty to misdemeanor entry by an alien without inspection, in violation f 8 U.S.C. § 1325, (Doc. 20 at 3-4), an element of which was that Joseph be an alien.

[3] Joseph asserts only that "the determination of his status is a task properly before the Court," (Doc. 33 at 2), but does not argue a motion to dismiss is the only proper time for that determination.

Court will entertain a stipulated motion for continuance until the first trial calendar after Nwozuzu v. Holder is decided by the Circuit Court, provided the Defendant acknowledges the period of delay shall be excludable from computation under the Speedy Trial Act.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 10th day of January, 2013.

/s/ J. Garvan Murtha<br>
Honorable J. Garvan Murtha<br>
United States District Judge